1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LONNIE R. PARADIS,

                    Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

              Defendant.

Case No. 3:13-cv-05823-RBL-KLS

REPORT AND RECOMMENDATION

Noted for September 12, 2014

       Plaintiff has brought this matter for judicial review of defendant's denial of his

application for disability insurance benefits. This matter has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as

authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the

parties' briefs and the remaining record, the undersigned submits the following Report and

Recommendation for the Court's review, recommending that for the reasons set forth below,

defendant's decision to deny benefits be reversed and this matter be remanded for further

administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

       On February 16, 2012, plaintiff filed an application for disability insurance benefits,

alleging disability as of October 1, 2009. See ECF #14, Administrative Record ("AR") 19. That

application was denied upon initial administrative review on August 23, 2012, and on

REPORT AND RECOMMENDATION - 1

reconsideration on October 1, 2012. See id. A hearing was held before an administrative law judge ("ALJ") on April 8, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 32-72.

In a decision dated April 18, 2013, the ALJ determined plaintiff to be not disabled. See AR 19-28. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 26, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981. On September 30, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on March 4, 2014. See ECF #14. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred in failing to properly address the opinion of Sheree D. Stephens, M.D., and provide legally sufficient reasons for rejecting the opinion of Scott T. Alvord, Psy.D. For the reasons set forth below, the undersigned agrees the ALJ erred in failing to discuss the opinion of Dr. Stephens – and thus in assessing plaintiff's residual functional capacity and in finding him to be capable of performing other jobs existing in significant numbers in the national economy – and therefore in determining him to be not disabled. Also for the reasons set forth below, however, while the undersigned recommends that defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

REPORT AND RECOMMENDATION - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence

1    has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield

2    v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

3        In general, more weight is given to a treating physician's opinion than to the opinions of

4    those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need

5    not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and

6    inadequately supported by clinical findings" or "by the record as a whole." Batson v.

7    Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v.

8
9    Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

10   2001). An examining physician's opinion is "entitled to greater weight than the opinion of a

11   nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may

12   constitute substantial evidence if "it is consistent with other independent evidence in the record."

13   Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

14       In mid-June 2011 plaintiff was examined by Dr. Stephens, who diagnosed him with

15   "[r]esiduals, left wrist laceration with loss of range of motion and superficial sensory neuritis."

16   AR 277. In terms of impact on plaintiff's occupational activities, Dr. Sephens noted "[d]ecreased

17   manual dexterity, [p]roblems with lifting and carrying, [d]ifficulty reaching, [and p]ain," as well

18
19   as being "limited in writing and typing or other repetitive uses of the left hand." Id. Dr. Stephens

20   further commented that:

21
22           [His r]esiduals, left wrist laceration with loss of range of motion and
             superficial sensory neuritis does not prevent him from securing and
23           maintaining gainful employment.  It does limit him to work that does not
             require repetitive use of the left hand, work that subjects his hand to vibration,
24           continuous handwriting or continuous typing.

25   Id.  Dr. Stephens also diagnosed plaintiff with recurrent left ankle sprains that in terms of impact

26   on occupational activities resulted in "[d]ecreased mobility, [p]roblems with lifting and carrying,

REPORT AND RECOMMENDATION - 5

[l]ack of stamina, [and p]ain," and concluded that while plaintiff's left ankle sprains did "not prevent him from securing and maintaining gainful employment," it did "limit him to mostly sedentary positions without requirement for extended walking, extended standing or heavy lifting." AR 278.

Plaintiff argues the ALJ erred in failing to discuss Dr. Stephens' opinions.  As defendant points out, though, the ALJ did address the opinion concerning plaintiff's left wrist, stating that "[t]he objective medical evidence in the record . . . supports the conclusion that [he] is limited to frequent but not constant handling and fingering with the left upper extremity, and should avoid concentrated exposure to vibration." AR 24. But as plaintiff notes, Dr. Stephens actually limited him to work that does not subject him to any vibration, as opposed to concentrated exposure only. See AR 277. The ALJ also did not give any reasons for failing to adopt the no continuous handwriting or typing limitations. See id. The undersigned further agrees with plaintiff that the ALJ's restriction to frequent but not constant handling and fingering is also deficient, as it does not necessarily address the issue of repetitiveness, and therefore that restriction cannot clearly be said to accommodate Dr. Stephens' limitation in regard thereto.

In addition, the ALJ completely failed to address the limitation to performing "mostly sedentary positions" assessed by Dr. Stephens. AR 278. This too was error given that clearly the ALJ's finding that plaintiff could perform light work is inconsistent therewith. See AR 23.  It is true, as defendant notes, that the ALJ found plaintiff's "history of ankle sprain" to be non-severe on the basis that there "is no evidence to suggest" it caused plaintiff "anything more than minimal limitations," or that it "would affect [his] ability to function in a work setting." AR 21. But clearly such evidence does exist in the form of Dr. Stephens' findings and opinion.  On the other hand, to the extent that he so argues, the undersigned disagrees with plaintiff that the ALJ

REPORT AND RECOMMENDATION - 6

1   erred in failing to state why he did not adopt a limitation to standing for 15 to 30 minutes and

2   walking less than a mile based on the opinion of Dr. Stephens, as these restrictions appear to be

3   based on plaintiff's own self-reporting, and plaintiff has not challenged the ALJ's determination

4   that he is less than fully credible in terms of his subjective complaints. See AR 24, 26, 274.

5           Defendant employs a five-step "sequential evaluation process" to determine whether a

6   claimant is disabled. See 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled

7   at any particular step thereof, the disability determination is made at that step, and the sequential

8   evaluation process ends. See id. If a disability determination "cannot be made on the basis of

9

10  medical factors alone at step three of that process," the ALJ must identify the claimant's

11  "functional limitations and restrictions" and assess his or her "remaining capacities for work-

12  related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's

13  residual functional capacity ("RFC") assessment is used at step four to determine whether he or

14  she can do his or her past relevant work, and at step five to determine whether he or she can do

15  other work. See id.

16

17          Residual functional capacity thus is what the claimant "can still do despite his or her

18  limitations." Id. It is the maximum amount of work the claimant is able to perform based on all

19  of the relevant evidence in the record. See id. However, an inability to work must result from the

20  claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those

21  limitations and restrictions "attributable to medically determinable impairments." Id. In assessing

22  a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

23  functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

24  medical or other evidence." Id. at *7.

25

26          As discussed above, the ALJ found plaintiff could perform light work, while also being

REPORT AND RECOMMENDATION - 7

limited to no concentrated exposure to vibrations and to frequent but not constant handling and fingering with the left upper extremity. AR 23. If a claimant cannot perform his or her past relevant work at step four of the sequential disability evaluation process, at step five thereof the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. See AR 66-67. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. See AR 67-68. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. See AR 27. But because the ALJ erred by not

properly evaluating the opinion evidence from Dr. Stephens, his RFC assessment – and therefore the hypothetical question he posed to the vocational expert – cannot be said to completely and accurately describe all of plaintiff's functional limitations, and thus the ALJ's step five finding also cannot be said to be supported by substantial evidence.

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record concerning plaintiff's physical functional capabilities, and therefore in regard to his RFC and ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

REPORT AND RECOMMENDATION - 9

1

<u>CONCLUSION</u>

2

        Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

3

improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as

4

well that the Court reverse the decision to deny benefits and remand this matter for further

5

administrative proceedings in accordance with the findings contained herein.

6

        Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

7

72(b), the parties shall have **fourteen (14) days** from service of this Report and

8

Recommendation to file written objections thereto. <u>See also</u> Fed. R. Civ. P. 6. Failure to file

9

objections will result in a waiver of those objections for purposes of appeal. <u>See</u> <u>Thomas v. Arn</u>,

10

474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

11

is directed set this matter for consideration on **September 12, 2014**, as noted in the caption.

12

        DATED this 25th day of August, 2014.

13

14

15

16

17

Karen L. Strombom
United States Magistrate Judge

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 10